By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
608-808-3300
mike@assad.law
*Attorney for Plaintiff*

# United States Bankruptcy Court
## District of New Jersey

| | |
|---|---|
| In re: Ieisha Sharee Young, | Case No.: 26-14839-JNP |
| *Debtor*. | Adv. No.: |
| Ieisha Sharee Young, | Judge: Poslusny |
| *Plaintiff*, | **Jury Trial Demanded** |
| v. | |
| Public Service Electric and Gas Co., | |
| *Defendant*. | |

**Complaint for Violation of the Automatic Stay
and Unlawful Termination of Utility Service**

Plaintiff Ieisha Sharee Young, by way of Complaint against Public Service Electric and Gas

Co. (the "Defendant"), alleges as follows:

**Introduction**

1.     This is an action under 11 U.S.C. §§ 362 and 366 arising out of the Defendant's

termination of essential electric service to the Plaintiff's home thirteen days after she filed for

bankruptcy.

2.      The Plaintiff is a Chapter 7 debtor who lives with her two minor children and relies on the Defendant as the sole source of electricity to her home. The Defendant is a sophisticated public utility that serves millions of customers and routinely interacts with the bankruptcy system. Despite that experience, and despite receiving notice of the Plaintiff's bankruptcy through the Bankruptcy Noticing Center's electronic portal, the Defendant shut off the Plaintiff's electricity in an effort to collect on a pre-petition debt.

3.      When the Plaintiff called to demand restoration of service and cited the bankruptcy, the Defendant compounded its misconduct by initially refusing to restore service unless the Plaintiff first paid the pre-petition debt. Service was restored only after the Plaintiff firmly asserted her rights under the Bankruptcy Code.

4.      The Defendant's conduct violated the automatic stay under 11 U.S.C. § 362(a) and the prohibition on early utility termination under 11 U.S.C. § 366(b). The Plaintiff sues to recover actual and punitive damages, attorney's fees and costs, and declaratory and injunctive relief.

## Jurisdiction

5.      The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference.

6.      The Court has personal jurisdiction over the Defendant under Fed. R. Bankr. P. 7004(f).

7.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). To the extent that any claim is determined to be non-core, the Plaintiff consents to the entry of final orders and judgment by the Court.

8.      Venue is proper under 28 U.S.C. § 1409.

**Parties**

9.      The Plaintiff is an individual debtor who commenced this bankruptcy case by filing a voluntary petition (the "Petition") under chapter 7 of Title 11 of the United States Code on April 30, 2026 (the "Petition Date").

10.      The Defendant is a corporation organized under the laws of New Jersey, with its principal place of business at 80 Park Plaza, Newark, NJ 07102. It is a "utility" as that term is contemplated by 11 U.S.C. § 366.

11.      The Bankruptcy Noticing Center (the "BNC") is a centralized facility that prepares and sends official notices in bankruptcy cases on behalf of bankruptcy courts under the supervision of the Director of the Administrative Office of the United States Courts.

**Facts**

12.      The Defendant is a sophisticated public utility with millions of customers.

13.      Through the regular course of its business, the Defendant regularly encounters debtors in bankruptcy and is aware of its obligations and rights when a customer files for bankruptcy.

14.      Upon information and belief, before about December 1, 2021, the BNC regularly sent official bankruptcy notices to the Defendant about cases in which it was a party by mailing paper notices.

15.      Upon information and belief, on or about December 1, 2021, the BNC designated the Defendant as a high-volume recipient of paper notices under Fed. R. Bankr. P. 9036(2)(B).

16.      Upon information and belief, on or about December 1, 2021, the BNC notified the Defendant that it must register an electronic address with the BNC for service of bankruptcy notices by about January 15, 2022.

17.     Upon information and belief, the Defendant failed to register an electronic address with the BNC before about January 15, 2022, or at any other relevant time here.

18.     Upon information and belief, on or about January 16, 2022, the BNC notified the Defendant that after about May 1, 2022, bankruptcy notices would be sent to the Defendant only through an internet portal maintained by the BNC (the "MEBN Portal") and not by mail.

19.     Upon information and belief, on or about January 16, 2022, the BNC provided the Defendant with the web address for the MEBN Portal and instructions for accessing it.

20.     At all times relevant to this matter, the Defendant had an ongoing duty and obligation to regularly, consistently, and reasonably access and review the MEBN Portal, to register an electronic address with the BNC for service of bankruptcy notices, or to otherwise take care that it was receiving and reviewing all electronic notices from the BNC in a timely manner.

21.     Since about November 1, 2021, the Plaintiff has maintained a primary residence located at 613 Riverview Road in the Township of Pennsauken, County of Camden, and State of New Jersey (the "Residence") where she lives with her two minor children.

22.     At all times relevant to this matter, the Residence was the Plaintiff's primary residence.

23.     On or about November 1, 2021, the Plaintiff entered into a contract (the "Service Contract") with the Defendant which, among other things, required the Defendant to provide electric utility service (the "Electric Service") to the Residence, and such contract remained in effect at all times relevant to this matter.

4

24.    At all times relevant to this matter, the Defendant asserted or held a claim for a debt owed by the Plaintiff for Electric Service rendered before the Petition Date that was not paid when due (the "Pre-Petition Claim").

25.    At all times relevant to this matter, the Plaintiff relied on the Electric Service as the only means of providing electricity to the Residence.

26.    The Bankruptcy Noticing Center notified the Defendant about the Plaintiff's bankruptcy through the MEBN Portal on May 1, 2026.

27.    Upon information and belief, the Defendant willfully, recklessly, intentionally, and unreasonably failed to access or review the MEBN Portal on May 1, 2026, or at any other time relevant here.

28.    The Defendant continuously provided the Electric Service at all times from the Petition Date until May 13, 2026 (the "Shutoff Date").

29.    From the Petition Date through the Shutoff Date, the Plaintiff incurred no post-petition arrearages with respect to the Electric Service and otherwise remained in compliance with all of her obligations under the Service Contract.

30.    On the Shutoff Date, the Defendant willfully, intentionally, and affirmatively terminated the Electric Service.

31.    The Defendant terminated the Electric Service to coerce the Plaintiff to pay the Pre-Petition Claim.

32.    On the Shutoff Date, the Plaintiff's attorney called the Defendant's customer service line, stated that the Plaintiff was a debtor in an active bankruptcy case, and demanded that the Electric Service be immediately restored.

33.     The Defendant refused to restore the Electric Service upon request of the Plaintiff's attorney and stated that the Plaintiff must call herself to demand restoration.

34.     Also on the Shutoff Date, the Plaintiff called the Defendant's customer service line, stated that she was a debtor in an active bankruptcy case, and demanded that the Defendant immediately restore the Electric Service.

35.     The Defendant initially refused to restore the Electric Service unless the Plaintiff first paid the Pre-Petition Claim.

36.     The Defendant only agreed to restore the Electric Service without payment of the Pre-Petition Claim after the Plaintiff firmly asserted her right not to do so.

37.     Collectively, the conduct described in Paragraphs 1 through 36 is referred to below as the "Post-Petition Collection Misconduct."

38.     As an actual and proximate result of the Post-Petition Collection Misconduct, the Plaintiff suffered injuries including, but not limited to emotional distress, including severe anxiety, humiliation, stress, and feelings of helplessness caused by the sudden and unwarranted deprivation of essential utilities which exacerbated the Plaintiff's existing financial and personal vulnerabilities during her bankruptcy and time of financial misfortune; and attorney's fees and costs incurred in investigating the misconduct, demanding restoration, and prosecuting this action.

39.     Upon information and belief, the Defendant's willful, reckless, intentional, and unreasonable failure to regularly, consistently, and reasonably access and review the MEBN Portal, to register an electronic address with the BNC for service of bankruptcy notices, or to otherwise take care that it was receiving and reviewing all electronic notices from the BNC in a timely manner has caused it to habitually violate the automatic stay in other cases.

40. Upon information and belief, such violations include, but are not limited to, coercing payment of pre-petition debts, exercising control over property of bankruptcy estates, and applying estate property to pre-petition claims without court approval. This pattern of misconduct warrants the imposition of punitive damages to coerce compliance with the bankruptcy code and to prevent similar misconduct by the Defendant and others similarly situated.

41. Upon information and belief, documentary evidence supports the allegations herein, including, but not limited to, records from the BNC and the Defendant's billing and account records.

### Count I
### Violation of 11 U.S.C. § 362(a)

42. The Plaintiff realleges Paragraphs 1 through 41 as if fully set forth herein.

43. Under 11 U.S.C. § 362(a), the filing of the Petition created an automatic stay of all acts to collect, assess, or recover a pre-petition claim against the Plaintiff.

44. The automatic stay took effect on the Petition date and remained in effect at all times relevant to this matter.

45. The Defendant violated 11 U.S.C. § 362(a) by engaging in the Post-Petition Collection Misconduct.

46. The Post-Petition Collection Misconduct was willful because the Defendant had notice of the bankruptcy and intended the actions that violated the stay, regardless of any asserted good faith.

47. The Post-Petition Collection Misconduct injured the Plaintiff.

48. Under 11 U.S.C. § 362(k), the Plaintiff is entitled to actual damages, punitive damages, and attorney's fees and costs.

**Count II**
**Violation of 11 U.S.C. § 366(b)**

49.     The Plaintiff realleges Paragraphs 1 through 48 as if fully set forth herein.

50.     Under 11 U.S.C. § 366(b), a utility may not alter, refuse, or discontinue service to a debtor within twenty days after the order for relief on the basis of unpaid pre-petition debt.

51.     The Post-Petition Collection Misconduct occurred thirteen days after the Petition Date.

52.     The Defendant violated 11 U.S.C. § 366(b) by engaging in the Post-Petition Collection Misconduct.

53.     The Post-Petition Collection Misconduct injured the Plaintiff.

54.     Under 11 U.S.C. § 105(a), the Plaintiff is entitled to actual damages, attorney's fees and costs, and appropriate declaratory and injunctive relief.

**Request for Relief**

For good cause shown, the Plaintiff requests that the Court enter judgment against the Defendant:

A.     declaring that the Post-Petition Collection Misconduct violated 11 U.S.C. §§ 362(a) and 366(b);

B.     awarding the Plaintiff actual damages, punitive damages, and attorney's fees and costs under 11 U.S.C. § 362(k) for the Defendant's violations of 11 U.S.C. § 362(a);

C.     awarding the Plaintiff actual damages and attorney's fees and costs under 11 U.S.C. § 105(a) for the Defendant's violations of 11 U.S.C. § 366;

D.     entering appropriate injunctive relief under 11 U.S.C. § 105(a) to prevent further violations; and

E.     awarding such other and further relief as may be necessary and proper under the law.

8

Date: May 15, 2026                              **LAW OFFICE OF MIKE ASSAD, P.C.**
                                                *Attorney for Plaintiff*

By: _____
                                                Michael I. Assad


**Demand for Jury Trial**


The Plaintiff demands a jury trial on all issues so triable and consents to such trial in the

Bankruptcy Court.


Date: May 15, 2026              _____

                                Michael I. Assad